IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| WINNIE K. STEWART, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:11-CV-64 (CDL) |
| CBOCS INC. d/b/a CRACKER BARREL OLD COUNTRY STORE, | * |
| | * |
| Defendant. | |
| | * |

O R D E R

Plaintiff Winnie Stewart ("Stewart") alleges that Defendant CBOCS, Inc. d/b/a Cracker Barrel Old Country Store ("Cracker Barrel") negligently maintained its premises and failed to warn her of a dangerous display rack that caught her purse as she attempted to walk by it, causing her to fall. Presently pending before the Court is Cracker Barrel's Motion for Summary Judgment (ECF No. 18). For the following reasons, Cracker Barrel's motion is granted.

SUMMARY JUDGEMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party

opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

### FACTUAL BACKGROUND

The facts, unless otherwise noted, are undisputed.

Stewart visited the Cracker Barrel store in Madison, Georgia, on April 23, 2009 with her daughter. As she entered the store, Stewart looked around at the merchandise displayed throughout the store. Def.'s Mot. for Summ. J. Ex. A, Stewart Dep. 56:25-57:3, ECF No. 18-2. Stewart saw a round display rack with merchandise on it, and as she tried to pass by the display, she became entangled in it and fell. *Id.* at 57:14-25, 71:16-72:3. According to Stewart, the display "pulled on" her purse and caused her to fall. *Id.* at 72:1-6. The display was "right near [her] face" as she tried to pass, *id.* at 72:8-11, and she saw the display had "little spokes" or "pegs" on it before she fell, *id.* at 72:4-7, 77:3-7. Although Stewart was looking at the display immediately preceding her fall, *id.* at 72:8-23, 76:12-16, Stewart did not move away from the display because she "thought [she] was safe" to pass by it, *id.* at 76:19-21. Stewart testified that she considered the display dangerous

2

because it was "too full" and the displays in the store were "too close together."  *Id.* at 95:15-97:16.

## DISCUSSION

The Court applies Georgia law in this diversity action. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938).  In Georgia, landowners owe a duty to their invitees to exercise reasonable care to keep their premises safe.  O.C.G.A. § 51-3-1. To establish her negligence claim, Stewart must show "(1) that [Cracker Barrel] had actual or constructive knowledge of the hazard; and (2) that [she] lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of [Cracker Barrel]." *Robinson v. Kroger Co.*, 268 Ga. 735, 748, 493 S.E.2d 403, 414 (1997). Cracker Barrel moved for summary judgment arguing that Stewart's knowledge of the hazard was equal or superior to Cracker Barrel's knowledge of the hazard.[1]  The Court therefore must "determine whether the record shows plainly, palpably[,] and without dispute that plaintiff had knowledge of the hazard equal

---

[1] Although Cracker Barrel cited to evidence in its reply brief attempting to show that it did not have actual or constructive knowledge that the display could be hazardous, arguments made for the first time in a reply brief are not properly considered by the Court. *Bank of Am., N.A. v. Mukamai (In re Egidi),* 571 F.3d 1156, 1163 (11th Cir. 2009).  Further, because Cracker Barrel did not move for summary judgment on this ground, the Court need not consider Stewart's argument that Cracker Barrel had actual or constructive knowledge of the hazard because the display's location violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, or O.C.G.A. § 30-3-1, *et seq.*, which provides aisle accessibility guidelines.

or superior to that of defendants or would have had equal or superior knowledge had the plaintiff exercised ordinary care for personal safety." *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 643, 722 S.E.2d 366, 368 (2012) (alteration in original) (internal quotation marks omitted). When a claim involves a static condition, or "one that does not change and is dangerous only if someone fails to see it and walks into it," *Becton v. Tire King of N. Columbus, Inc.*, 246 Ga. App. 57, 59, 539 S.E.2d 551, 553 (2000), a proprietor's liability is based on its superior knowledge of the condition, *McLemore*, 313 Ga. App. at 643, 722 S.E.2d at 368. Consequently, if the invitee knows of the condition, the proprietor has "no liability for resulting injury because the invitee has as much knowledge as the proprietor does." *E.g., id.* (internal quotation marks omitted).

The Court finds that the undisputed evidence demonstrates Stewart had actual knowledge of the display rack prior to her fall. Stewart acknowledged that she was looking at the display rack immediately preceding her fall. Stewart Dep. 57:14-25, 72:8-23, 76:12-16. Stewart even saw the "spokes" or "pegs" on the display rack prior to her fall. *Id.* at 72:4-7, 77:3-7. Since she had actual knowledge of the alleged hazardous static condition before she fell, she cannot recover under Georgia law.

The cases relied upon by Stewart are easily distinguishable. *See, e.g., Baker v. Harcon, Inc.*, 303 Ga. App.

4

749, 753, 694 S.E.2d 673, 677-78 (2010) (finding a jury question on plaintiff's knowledge of the hazard where he previously told defendant where to construct the trash chute that he later fell through, but the evidence demonstrated he did not remember the location of the chute on the day of his fall); *Lore v. Suwanee Creek Homeowners Ass'n, Inc.*, 305 Ga. App. 165, 170-71, 699 S.E.2d 332, 337-38 (2010) (noting that although the plaintiff knew about the generally prevailing hazardous condition of a sinkhole behind her house, there was no evidence that she had knowledge of the instability of the ground surrounding the sinkhole that collapsed and caused her injuries); *Nosiri v. Helm*, 301 Ga. App. 380, 381, 687 S.E.2d 635, 637 (2009) (noting that "while there [was] no question that [plaintiff] was aware of the existence of the cell phone cord the day before her fall and the other days that she moved it, there [was] no evidence that she was aware of its exact position at the time that it tripped her."); *Ward v. Autry Petroleum Co.*, 281 Ga. App. 877, 879-80, 637 S.E.2d 483, 486-87 (2006) (finding a jury question on plaintiff's knowledge of the hazard where he acknowledged seeing the hose lying on the ground on the driver's side of his car, but he denied seeing the hose lying on ground on the passenger side of his car where he tripped over it); *Myers v. Harris*, 257 Ga. App. 286, 288, 570 S.E.2d 600, 602 (2002) (noting that while the plaintiff had specific knowledge of the

hazard because she previously traversed the ramp where she fell, that knowledge was not dispositive because plaintiff testified that defendant's crowded furniture showroom prohibited her from seeing the edge of the ramp at the time of her fall).  Unlike these cases, Stewart had actual knowledge of the exact location and nature of the alleged hazard immediately preceding her fall.  Under these circumstances, no reasonable jury could conclude that Cracker Barrel had superior knowledge of the alleged hazard.  Accordingly, Stewart's claim fails as a matter of law. *E.g., Right Stuff Food Stores, Inc. v. Gilchrist*, 279 Ga. App. 784, 786, 632 S.E.2d 405, 406 (2006).

## CONCLUSION

For the foregoing reasons, Cracker Barrel's Motion for Summary Judgment (ECF No. 18) is granted.

IT IS SO ORDERED, this 4th day of May, 2012.

                                              S/Clay D. Land
                                                  CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE